FARMERS LOAN AND TRUST COMPANY OF TIPTON, GUARDIAN *v.* BIRDEN, GUARDIAN.

[No. 15,539. Filed October 14, 1937.]

*Harker & Irwin,* for appellants.

*William Robison,* and *Earl B. Stroup,* for appellee.

CURTIS, J.—This was an action upon separate objections filed by the appellants to the appellee's report and resignation as the former guardian of his minor wards, Charles Merrill, Harry Merrill, and Beulah Merrill. The objections finally urged charge neglect of the guardian (appellee) in the making of a loan and the acceptance of a note therefor, upon the sole personal security of the borrower and for negligence in failing to collect said note. At the time the objections were filed the ward Charles Merrill had become 21 years of age and he filed his objections in his own name. At the time the appellee resigned as such guardian on account of ill health he filed a report of his doings as such guardian which report was duly approved by the court and said guardian discharged. Thereafter, the appellant, Farmers Loan and Trust Company of Tipton, Indiana, was appointed as guardian of said wards and qualified as such. A petition to set aside the approval of the report and resignation of the former guardian was then filed which said petition was granted by the court and the approval of said report and the discharge of said guardian was set aside. The appellants thereupon filed separate objections to said report and resignation.

On the trial before the court said objections were

overruled, and judgment was entered approving said report and discharging said guardian, with separate and several exceptions. The appellants filed separate motions for a new trial, each of which was separately overruled by the court with separate exceptions. This appeal followed.

The appellants have assigned as errors the following:

"(1) The court erred in overruling the motion for new trial of appellant, Farmers Loan and Trust Company of Tipton, Indiana, Guardian."

"(2) The court erred in overruling the motion for a new trial of appellant, Charles Merrill."

While the objections go to several of the items in the report, yet the appellants in their brief question only the one item showing the loan of the sum of $2,000.00 of the wards' money to one Thomas Johnson, taking a note therefor without security and making said loan without said guardian first obtaining an order of the court therefor. Negligence is also charged to the effect that the guardian was not diligent in collecting said note.

The appellants seek to show that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The general rule in Indiana in regard to such an act of a guardian, as complained of in the instant case, has long been that he is vested with sound discretion in the investment of the funds of his trust and is bound to use fidelity and the care and prudence which the ordinarily careful and prudent man uses in ordinary affairs while engaged in investing his funds, having regard to both the income return and the safety of the principal. The law of this state at the time the loan was made did not require that a guardian obtain a previous order of court to make the character of investment made in the instant case. It is also to be noted that there is no charge that the guardian was guilty of bad

faith. See: *Slaughter* v. *Favorite, Guardian* (1886), 107 Ind. 291, 4 N. E. 880; *Norwood* v. *Harness* (1884), 98 Ind. 134.

There was evidence that the appellee consulted reputable and competent bankers acquainted with the worth and reputation of the borrower before making the loan and that said borrower had a good reputation financially and that reputable bankers were making loans to him without security at that time and for a long time thereafter. There was evidence also to the effect that the appellee tried to collect the note and did collect approximately two-fifths of it. We think that the evidence abundantly sustains the decision of the trial court and that said decision is not contrary to law.

Judgment affirmed. Laymon J. not participating.